UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**EDUARDO GUADALUPE VIZ-CAYNO,**

   *Plaintiff*,

v.

**CITY OF KERRVILLE RISK DE-PARTMENT, KERRVILLE POLICE DEPARTMENT,**

   *Defendants*.

Case No. SA-24-CV-00880-JKP

## ORDER ACCEPTING REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge Richard B. Farrer's Report and Recommendation. *ECF No. 13*. Magistrate Judge Farrer recommends this Court dismiss this action due to lack of subject matter jurisdiction and/or dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a non-frivolous, cognizable claim. *Id*. Pro se Plaintiff Eduardo Guadalupe Vizcayno did not object to the Report and Recommendation. Upon consideration, the Court **ACCEPTS and ADOPTS** the Report and Recommendation. As recommended, the Court **DISMISSES** this action.

### Factual Background

In his Amended Complaint, upon which Magistrate Judge Farrar based the Report and Recommendation, Vizcayno sues the Kerrville Police Department and the "Kerrville Risk Department"[1] in connection with damage to his vehicle resulting from a flood on May 31, 2024. *ECF No. 7*. In the Amended Complaint, Vizcayno asserts he drove into flood waters due to im-

---
[1] The Court construes the Amended Complaint liberally to name the office of "Kerrville Risk Management."

proper road signage. *ECF No. 7*. Vizcayno alleges a police officer prevented him from being assisted by a tow truck and the "Kerrville Risk Department" refused to assist him in getting his car repaired, which contributed to its damage. *Id*. Vizcayno also alleges an unknown officer who engaged with him during the flooding incident ran Vizcayno's identification in a manner similar to a traffic stop. Vizcayno further alleges the damage to his vehicle is the result of racial mistreatment, racial targeting, and racial discrimination from Kerrville officials, including those employed by the Kerrville Risk Department. *Id*. Vizcayno asserts a cause of action for violation of 42 U.S.C. § 1983 based on claims of "acting under color of state law, 8th, 14th, racially hazing, racially treated indifferent," and potentially violation of the Fourth Amendment. *Id*.

Magistrate Judge Farrer issued a Report and Recommendation on December 9, 2024, in which he granted Vizcayno's revised Application to Proceed In Forma Pauperis and recommended the Amended Complaint be dismissed for lack of subject matter jurisdiction and be dismissed as frivolous because the Amended Complaint fails to state a viable claim. *ECF No. 13*. Magistrate Judge Farrer concluded Section 1983 "'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred,'" and Vizcayno did not identify a specific federal statutory or constitutional right which relates to any of his claims. While Vizcayno states failure to properly maintain the road sign is a violation of federal law, he does not state what this law is or give any indication of it. Further, the violation of a state or local statute alone isn't sufficient to give rise to a § 1983 claim. *Id*. Vizcayno did not file an objection to Magistrate Judge Farrer's Report and Recommendation, although given instruction and ample time to do so. Vizcayno did file a Second Amended Complaint and another Motion for Leave to Proceed In Forma Pauperis subsequent to the Report and Recommendation. *ECF Nos. 16, 17*.

**Standard of Review**

Any party who seeks review of all or a portion of a Magistrate Judge's Report and Recommendation must serve and file specific written objections within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). If a party does not timely object to all or a portion of a Magistrate Judge's Report and Recommendation, the District Court will review the unobjected-to proposed findings and recommendations to determine whether they are clearly erroneous or contrary to law. *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016) (citing *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.)(per curiam), *cert. denied*, 492 U.S. 918 (1989).[2]

**Discussion**

Consistent with § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the Court reviewed the subject Report and Recommendation for clear error on the face of the record. This Court finds no such error. Accordingly, the Court **ACCEPTS** Magistrate Judge Richard B. Farrer's findings and recommendation and **ADOPTS** the Report and Recommendation. As recommended, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for Vizcayno's failure to state a non-frivolous claim or any claim on which relief may be granted. This Court will issue Final Judgment separately.

All pending motions are dismissed as moot, in particular, the pending Motions for Leave to Proceed In Forma Pauperis. *ECF Nos. 12, 17*.

The Clerk of Court is **DIRECTED** to close this case.

---

[2] While Federal Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d at 1221.

It is so ORDERED.
SIGNED this 8th day of January, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

4